UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
        v.                      )       Cr. No. 01-10178-MLW
                                )
HENRY JOHNSON,                  )
        Defendant.              )

                      MEMORANDUM AND ORDER

WOLF, D.J.                                        November 24, 2010

    Defendant Henry Johnson is serving a 151 month sentence for distribution of cocaine base. As a result of Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which, as of March 3, 2008, generally retroactively reduces by two levels the offense level for crimes involving crack cocaine, Johnson moved for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §2B1.10 (the "Motion"). As Johnson is indigent, counsel was appointed to represent him. The government and counsel for the defendant have conferred and filed a Joint Status Report concerning the Motion. In addition, the government has filed a motion to dismiss Johnson's motion for a reduced sentence, which is not opposed.[1]

    The government asserts that the defendant is ineligible for a sentence reduction because he was sentenced as a career offender under U.S.S.G. §4B1.1, not under the crack cocaine provisions of U.S.S.G. §2D1.1.

    Appointed counsel for Johnson asserts that he cannot make a

---

[1] The government's motion incorrectly identifies the defendant as Frederick Tillery.

recommendation regarding a sentence reduction, because of Johnson's failure to communicate with him, and therefore suggests the defendant's motion be denied without prejudice. He states that he has written twice to Johnson, who is currently incarcerated in Georgia. In the first letter, counsel informed Johnson that if he was sentenced either as a career offender or pursuant to a statutorily mandated minimum sentence based on the weight of the crack cocaine for which he was found responsible, he would not be eligible for a sentence reduction under §3582. Johnson responded to this letter, but did not address the possibility of a sentence reduction under §3582.

In his second letter, counsel informed Johnson that he had reviewed the docket entries, the government's pleadings and the applicable guidelines, and had concluded that Johnson did not qualify for a reduction because he had been sentenced under the career offender guidelines. Although counsel asked Johnson to respond immediately, Johnson did not respond to the second letter.

On June 12, 2008, the Probation Office submitted an addendum to its presentence report, stating that it does not believe that Johnson is eligible for a sentence reduction because he was sentenced pursuant to the career offender guidelines, which provided a range of 151 to 188 months.

The sentencing transcript reveals that this court found that Johnson was a career offender with a total offense level of 29 and

a sentencing guideline range of 151 to 188 months. June 5, 2002 Tr. at 17. The transcript also shows that the court decided not to depart downward from these guidelines, and sentenced Johnson to 151 months in custody. Id. at 38, 40.

Because the record indicates that Johnson was sentenced under the career offender guidelines, rather than the crack cocaine guidelines, he is not eligible for a reduction of his sentence. See United States v. Cardosa, 606 F.3d 16 (1st Cir. 2010); United States v. Caraballo, 552 F.3d 6 (1st Cir. 2008).

Accordingly, it is hereby ORDERED that:

1. Johnson's motion to reduce sentence (Docket No. 38) is DENIED.[2]

2. The government's Motion for Summary Dismissal of Crack Reduction Motion (Docket No. 45) is ALLOWED.

          /s/ Mark L. Wolf
     UNITED STATES DISTRICT JUDGE

---

[2] Johnson's motion to reduce sentence also asked the court to appoint counsel, a request that was previously allowed by Magistrate Judge Dein. See March 20, 2008 Order.